GEORGE A. KROENER *et al. vs.* HOWELL W. PANCOAST *et al*

JULY 2, 1926. .

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   Corporations.   Stockholders.   Fraud.*

Action by the holders of a majority of the stock of a corporation, who also were the owners of the bonds of said corporation in voting to retire an issue of bonds at 5% and in issuing in place thereof bonds at 8%, which action appeared from the evidence to be entirely in their own interest, rather than in the interest of the corporation and in an attempt to divert the larger part of the net earnings to themselves, constituted a fraud upon the minority stockholders, which equity will set aside.

*(2)   Corporations.   Stockholders.   Fraud.   Equity.*

Equity will not set aside the action of majority stockholders taken at a proper corporate meeting on the ground that such action is contrary to good judgment and a wise exercise of discretion, but it will protect the minority against the majority which has taken advantage of its position and has exercised its power in bad faith, against the best interests of the corporation and to the injury and oppression of the minority.

BILL IN EQUITY.   Heard on appeal of respondents and denied.

SWEETLAND, C. J.   This is a bill in equity brought by certain minority stockholders of the Wakefield Water Company, a corporation organized under the laws of this State, to restrain the respondents, some of whom are the officers and also constitute a majority of the directors of the respondent Water Company, from issuing certain bonds of the Water Company, the bonds to be secured by a trust mortgage upon the property of the company.

The bill alleges that the proposed issuance of bonds is the result of a corrupt and fraudulent scheme and conspiracy

of the respondents to illegally, fraudulently and corruptly deprive the complainants of their rights and property as minority stockholders of the corporation.

The cause was heard before Mr. Justice Baker in the Superior Court upon bill, answer and proof. The justice found that the respondents had committed fraud in accordance with the complainants' allegations, and entered a decree granting the prayer of the bill. The cause is before us upon the respondents' appeal from that decree.

The evidence supports the following findings of fact made by the justice. The respondents Howell W. Pancoast, Harry P. Pancoast and Morris G. Belknap are respectively the president, treasurer and secretary of the respondent corporation, and they also constitute a majority of its directors. The respondents are the holders of a majority of the stock of the corporation. The outstanding bonded indebtedness of the corporation is $150,000 bearing interest at the rate of 5% per annum. The respondents Pancoast, Davis, Smith and Moorhouse own all of said bonds, which do not mature for six years, and the corporation is now in sound financial condition. The corporation obtained from the General Assembly at its session in 1925 authority to retire its said bond issue and to issue in stead thereof bonds to the amount of $200,000 bearing interest at the rate of 8%. At a meeting of the stockholders of the corporation, over the objections and the votes of the complainants, the majority voted to issue first mortgage bonds of the corporation to the extent of $200,000 bearing interest at 8% and to exchange at par $150,000 of said issue for the $150,000 of bonds bearing interest at 5% which were outstanding and held by the respondents. At this meeting of the stockholders it was stated by some of the respondents that the action of the majority in making this exchange of bonds was in the interest of the bondholders, and that the bondholders, as majority stockholders, had the power to make the new issue and proposed to use that power. We agree with the conclusions of the justice that the complainants have proved by

a fair preponderance of evidence that the action of the respondents was entirely for the benefit of the present bondholders and the majority stockholders, rather than for the best interests of the corporation; that the stockholder's action providing for an exchange of bonds was not the exercise of the discretion of the officers and the majority stockholders, acting in good faith, but that its real purpose was to divert the larger part of the net earnings of the corporation to the respondent bondholders, who are also the majority stockholders, and that such action constituted a fraud upon the complainants as minority stockholders.

We approve the conclusions of law of the justice which follow the decisions of this court and are in accord with generally accepted principles. Equity will not set aside the action of majority stockholders taken at a proper corporate meeting on the ground that such action is contrary to good judgment, and a wise exercise of discretion. The court, however, will protect the minority against a majority which has taken advantage of its position, and has exercised its power in bad faith, against the best interests of the corporation and to the injury and oppression of the minority. *Peabody* v. *Westerly Water Works*, 20 R. I. 176; *Phillips* v. *Providence Steam Engine Co.*, 21 R. I. 302.

The respondents' appeal is denied, the decree appealed from is affirmed. The cause is remanded to the Superior Court for further proceedings.

*Tillinghast & Collins, Harold E. Staples*, for complainants.
*Percy W. Gardner*, for respondents.